UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

MATTHEW A. SCHROEDER,       )
                            )
       Plaintiff,           )
                            )
       v.                   )   No. 4:15 CV 40
                            )
W. CHRISTIAN MEYER,         )
                            )
       Defendant.           )

**OPINION and ORDER**

**I.    BACKGROUND**[1]

Between December 7, 2011 and March 14, 2014, plaintiff Matthew Schroeder received medical services at GLHS Surgical Center. (DE # 21-1 at 25.) Schroeder allegedly incurred a $12,814.16 debt to Unity Surgical Center, which was referred to defendant Walter Christian Meyer for collection. (*Id* at 25, 27.) Meyer drafted a dunning letter concerning this alleged debt, and on May 23, 2014, he sent the letter to 210 N. Beach Drive in Monticello, Indiana. (DE # 18-3 at 9, 32.) On that same day, Meyer also sent a request to the United States Post Office ("USPS") to obtain the specific unit at 210 N. Beach Drive where Schroeder was residing. (DE # 21-1 at 33–34.) USPS responded that Schroeder resided at 210 N. Beach Drive, Unit B. (*Id*.) In actuality, Schroeder had moved from Unit B to Unit A some time in 2013. (DE # 18-1 at 6–7.)

---

[1] In the summary that follows, the court refers only to undisputed facts, or, if there is a dispute, notes that it exists. This summary provides an overview. Additional relevant undisputed facts will be referred to in the analysis that follows.

Nevertheless, Schroeder received the dunning letter as mailed and attempted to contact Meyer by phone. (DE # 21-2 at 23, 26.) Defendant's documents indicate that Schroeder called Meyer's office on June 4, 2014, to inform Meyer that he was planning to move to South Carolina. (*Id*.) Schroeder then sent Meyer a letter dated June 9, 2014, disputing the debt and requesting validation. (DE # 21-1 at 32.) In that letter, Schroeder provided his mother's phone number, email address, and home address—504 Anchor Drive, #203, Lafayette, Indiana—which plaintiff referred to as his permanent address. (DE # 21-2 at 10.) Schroeder also sent a second letter to Meyer, dated June 10, 2014, which asserted that he was moving to South Carolina as of that date. (*Id*. at 11.)

On June 18, 2014, Meyer responded to Schroeder's request by sending a verification letter to 210 N. Beach Drive, Unit B in Monticello, Indiana. (DE # 21-1 at 33.) Schroeder alleges that he did not receive the verification because he had moved. (DE # 21-3 at 6–7.) However, Meyer disputes this and argues that Schroeder may have received the verification, because the letter may have been forwarded to South Carolina. (DE # 22 at 2–3.)

In September 2014, Meyer submitted a second request for Schroeder's address to USPS. (DE # 21-1 at 62.) USPS responded stating that they showed Schroeder was living at the same Beach Drive address but in Unit A, instead of Unit B. (*Id*. at 63.)

On September 25, 2014, Meyer filed a lawsuit on behalf of GLHS Unity Surgery Center against Schroeder in the Tippecanoe County Superior Court (the "state court"). (DE # 21-1 at 36.) Meyer attempted to serve Schroeder at 210 N. Beach Drive, Apt. A in Monticello. (*Id*. at 39–40.) However, service was not successful because Schroeder did

2

not live at that address. (*Id*.) Meyer never asked Schroeder or his mother for Schroeder's new address in South Carolina. (DE # 21-1 at 66–67.)

On December 5, 2014, an alias summons and complaint were attached to the door at 504 Anchor Drive Apartment 203. (DE # 21-1 at 83.) Schroeder's mother discovered the summons and complaint and called her son and advised him of the lawsuit some time in December 2014. (DE # 18-2 at 8.)

On December 14, 2014, Schroeder sent Meyer a check containing his South Carolina address. (DE ## 21-1 at 41–42; 21-2 at 21.) Furthermore, on December 18, 2014, Meyer received Schroeder's affidavit stating he had never resided at the Anchor Drive address. (DE # 21-4 at 1–3.) Nevertheless, on December 29, 2014, Meyer filed a motion for default judgment on behalf of the plaintiff in the state court case. (DE # 1-3.) In that motion, Meyer wrote that Schroeder had been "duly served with process of this action pursuant to Trial Rule 4.1 of the Indiana Rules of Trial Procedure." (*Id*.) The state court entered default judgment against Schroeder; however, that court later granted Schroeder's motion to set aside the default judgment. (DE ## 21-1 at 83; 24-1.)

On April 16, 2015, Schroeder filed a complaint against Meyer in this court seeking statutory and actual damages, along with attorney's fees and costs, for violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692. (DE # 1.) Specifically, he alleges that Meyer violated sections 1692e, 1692f, and 1692g(b) of the FDCPA. (*Id*.) On May 2, 2016, Meyer moved for summary judgment on all of plaintiff's claims. (DE # 18.) That same day, Schroeder filed a motion for partial summary

judgment as to liability on his FDCPA claims. (DE # 20). The motions have been fully briefed and are ripe for ruling.

## II. LEGAL STANDARD

Plaintiff has moved for summary judgment. Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The moving party bears the initial burden of demonstrating that these requirements have been met. *Carmichael v. Village of Palatine, Ill.,* 605 F.3d 451, 460 (7th Cir. 2010). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325. Once the moving party has met his burden, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003) (citing *Celotex,* 477 U.S. at 324). In doing so, the non-moving party cannot rest on the pleadings alone, but must present

4

fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Chmiel v. JC Penney Life Ins. Co.,* 158 F.3d 966 (7th Cir. 1998).

### III. DISCUSSION

*A.    Section 1692g Claim*

Schroeder alleges that Meyer violated § 1692g(b) of the FDCPA by engaging in collection activity without having provided verification of the alleged debt after a timely request in writing. (DE # 1 at 3.) Section 1692g(b) provides that when a consumer disputes a debt in writing within thirty days after receipt of notice, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector."

It is undisputed that Schroeder disputed the debt, that Meyer mailed a verification of the debt, and that Meyer continued collection activity—through the filing of a lawsuit against Schroeder—after Schroeder's dispute. (DE # 21-1 at 32, 33, 36.) However, it is also undisputed that Meyer sent the verification letter to 210 N. Beach Drive, Unit B in Monticello, Indiana, on June 18, 2014, which was after Schroeder had moved away from that address. (DE # 21-1 at 33.) In his motion for partial summary judgment, Schroeder argues that Meyer's mailing of the verification was insufficient to

5

satisfy § 1692g(b), and therefore he is entitled to summary judgment on this claim as to liability. (DE # 21 at 6–10.)

On the other hand, Meyer argues that he satisfied § 1692g(b) by mailing the verification to the Unit B address, and thus summary judgment is appropriate in his favor. (DE # 19 at 9–11.) Meyer analogizes the "mail" requirement of § 1692g(b) to the requirement for the collector to "send" notice under § 1692g(a) and notes that courts have held § 1692g(a) only requires the debt collector to send the notice, not to establish actual receipt. *Krawczyk v. Centurion Capital Corp.*, No. 06-C-6273, 2009 WL 395458, at *12 (N.D. Ill. Feb. 18, 2009). Meyer cites to cases from other districts to support the notion that this "presumption of delivery" applies under § 1692g(a) unless it can be shown "that the notice was sent to the wrong address and returned as undeliverable." *Phillips v. NCO Fin. Sys., Inc..*, No. 13-CV-15482, 2014 WL 1405217, at *5 (E.D. Mich. Apr. 11, 2014); *see also Johnson v. CFS II, Inc.*, No. 12-CV-01091-LHK, 2013 WL 1809081, at *9 (N.D. Cal. Apr. 28, 2013). Meyer asks the court to extend these other districts' holdings to this district and to apply them to the mailing requirement of § 1692g(b). Since there is no evidence that the verification was returned as undeliverable, Meyer claims he has satisfied § 1692g(b).

However, the court disagrees with defendant's interpretation of § 1692g(b)'s mailing requirement. When a letter is returned as undeliverable the presumption of delivery is defeated not because such a return is an inherently significant act on its own, rather it is because such a return serves to inform the sender that his mailing has failed. Therefore, the court agrees with Schroeder that these cases from other districts support

a more general proposition that the presumption of delivery applies absent knowledge by the sender that the letter did not or will not reach its target. Although in the case at hand, the verification was not returned as undeliverable, the mailing requirement is not satisfied if Meyer gained knowledge through some other means that the letter was undeliverable.

In analyzing Meyer's motion for summary judgment, the evidence must be viewed in the light most favorable to Schroeder. Schroeder has presented evidence that he informed Meyer, through letters and a phone call, that he would no longer be living in Indiana as of June 10, 2014. (DE # 21-2 at 11, 23, 26.) Accordingly, a reasonable jury could find that Meyer knew he mailed the verification to the wrong address where Schroeder would not receive it.

Meyer also argues that Schroeder may have actually received the verification through forwarding by USPS. (DE # 22 at 2–3.) But this has no impact on plaintiff's claim for two reasons. First, there is no direct evidence that the verification was forwarded. At best, Meyer points to the fact that Schroeder submitted a request to forward mail from his most recent address, but that was set up for Unit A, not Unit B where Meyer sent the verification. (*See* DE # 18-1 at 15.) Second, whether or not Schroeder actually received the verification through some series of events that occurred after the mailing has no bearing on Schroeder's § 1692g(b) claim unless there is evidence in the record that Meyer believed the verification was forwarded to Schroeder before he

7

resumed collection activities. There is no evidence of that sort.[2] Since this issue had no impact on Meyer's knowledge regarding the mailing, it is irrelevant for Schroeder's claim.

Meyer also argues that Schroeder's claim should not succeed because doing so would reward plaintiff for "gamesmanship." (DE # 22 at 7.) Meyer implies that Schroeder purposely withheld his new South Carolina address in order to evade Meyer or to create an FDCPA claim. The court disagrees. Schroeder was not attempting to evade Meyer, in fact he offered his mother's contact information so that Meyer could remain in contact with him over the course of the collection process.[3] (*See* DE # 21-2 at 10.)

Even given the above analysis, summary judgment in favor of plaintiff is only appropriate if no genuine issues of material fact remain. In his deposition, Meyer testified that he believed Schroeder was living at the Unit B address in Monticello, Indiana when he sent the verification on June 18, 2014. (DE # 18-3 at 10–11.) This testimony is material because the § 1692g(b) claim depends upon Meyer's knowledge regarding whether the verification was deliverable as mailed. Plaintiff argues that the

---

[2] Even if there was evidence that Meyer knew his letter would be forwarded by USPS, the mailing requirement of § 1692g(b) may require the debt collector to do more than merely send the verification to an address he knows to be wrong, in reliance on USPS forwarding. However, the court need not decide this issue here.

[3] Meyer argues that sending the verification to Schroeder's mother would violate the Health Insurance Portability and Accountability Act ("HIPAA"). (DE # 22 at 7.) Whether or not that is true, the mother's contact information could have been used to request Schroeder's South Carolina address.

court should disregard this statement from defendant's deposition because it is contradicted by Schroeder's communications to Meyer describing the move to South Carolina. (DE # 23 at 3); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). But here, looking at the evidence in the light most favorable to Meyer, a reasonable jury could believe Meyer's assertion that he thought Schroeder still lived at the Unit B address on June 18, 2014. "It is not for courts at summary judgment to weigh evidence or determine the credibility of such testimony; we leave those tasks to factfinders." *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). Because a genuine issue of material fact remains, summary judgment is not appropriate on this claim in favor of either party.

  B.  *Section 1692f Claim*

Schroeder alleges that Meyer violated § 1692f of the FDCPA in two ways. First, he alleges that Meyer used an unfair or unconscionable means to collect or attempt to collect a debt by submitting a summons to the state court containing an address that was not plaintiff's and which defendant knew was not plaintiff's. (DE # 1 at 2.) Second, he alleges that Meyer used an unfair or unconscionable means to collect or attempt to collect a debt by filing a motion for default judgment in state court which stated plaintiff had been properly served when he had not. (*Id.*)

Meyer puts forth three arguments as to why summary judgment should be granted in his favor on this claim: (1) 1692f is not an enforcement mechanism for

matters governed elsewhere by state and federal law; (2) service of process was valid in the state court suit between GLHS Unity Surgery Center and Schroeder; and, (3) Meyer's statement to the court was a legal position which is not actionable under § 1692f. (*See* DE # 19.)

Regarding the first of these arguments, the Seventh Circuit has held that § 1692f "creates its own rules . . . ; it does not so much as hint at being an enforcement mechanism for other rules of state and federal law." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir. 2007). "Section 1692f does not take a state-law dispute and move it into federal court." *Id.*; *see also Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 875 (7th Cir. 2015) (agreeing with *Beler* that "[t]he FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law.") Additionally, the Seventh Circuit raised the question (although it did not ultimately reach a conclusion) as to whether § 1692f applies to state court judicial proceedings at all. *Beler*, 480 F.3d at 475 ("Subsection (6) . . . says that creditors may not take 'nonjudicial' actions that seize property exempt by law. The implication is that state court judicial proceedings are outside the scope of § 1692f.").

Here, Meyer argues that Schroeder's § 1692f claim raises issues regarding the service of process which are best handled in the state court, and should not be enforced through the FDCPA. This position is supported by a Northern District of Illinois case with similar facts to the case at hand. *Webb v. Law Office of Ira T. Nevel, LLC*, No. 15 C 01087, 2016 WL 946962 (N.D. Ill. Mar. 14, 2016). In that case, a plaintiff complained that a defendant had filed fraudulent return of service documents with the state court,

putting into doubt the adequacy of service. *Id.* at *1. There, the court found the plaintiff failed to state a claim under § 1692f. *Id*. at *6. The court reasoned that *Beler* warned against attempts to "piggyback" a claim under § 1692f onto existing state rules of procedure. *Id*. (citing *Beler*, 480 F.3d at 474.)

Like in *Webb*, Schroeder alleges that the defendant filed false statements with the state court regarding service. This procedural issue was properly addressed at the state court level when plaintiff filed a successful motion to set aside default judgment based on inadequate service. Consequently, the court will follow *Beler*, *Bentrud*, and *Webb*, and will grant summary judgment on this claim in favor of Meyer.[4] Since the court will grant summary judgment in defendant's favor, plaintiff's motion for partial summary judgment is denied as to this claim.

C. *Section 1692e Claim*

Schroeder alleges that Meyer violated § 1692e of the FDCPA by using a false, deceptive or misleading means in connection with the collection of a debt by filing a motion for default judgment in state court that stated plaintiff had been properly served

---

[4] Schroeder argues that *Beler* and *Bentrud* are distinguishable from the case at hand. (DE # 23 at 8–9.) To support this notion, Schroeder points to a section of the Seventh Circuit opinion in *Beler* which discusses trickery and deception and concludes that Meyer violated § 1692f even though the defendants in *Beler* and *Bentrud* did not because Meyer engaged in trickery and deception not found in those cases. *Id.* However, the section of *Beler* which Schroeder cites and relies upon is a discussion of § 1692e and the false, deceptive, or misleading representations that qualify as violations under that section of the FDCPA. *Beler*, 480 F.3d at 473. Therefore, Schroeder's argument about trickery is misplaced to the extent he intends to distinguish this case from the holdings of *Beler* and *Bentrud* on § 1692f.

when he had not. (DE # 1 at 2.) Schroeder does not move for summary judgment on this claim.

Meyer moves for summary judgment on the § 1692e claim, relying on three arguments. (DE # 19 at 11–16.) Specifically, Meyer argues the following: (1) service of process was valid in the state court suit between GLHS Unity Surgery Center and Schroeder; (2) Meyer's statement to the court was a legal position which is not actionable under § 1692e; and, (3) communications made by lawyers to state court judges are not actionable under § 1692e of the FDCPA. (DE # 19 at 11–15.)

First, Meyer argues that service was valid, and therefore Meyer's communications to the court were not false, deceptive, or misleading. Schroeder counters that *res judicata* applies and that the state court already found that service was invalid. (DE # 23 at 4.) The parties do not dispute that Indiana's law on *res judicata* controls. *See Paniaguas v. Aldon Cos.*, No. 2:04-CV-468-PRC, 2007 WL 2228597, at *8 (N.D. Ind. July 31, 2007) ("[W]here the first of two causes of action was adjudicated in state court, the adjudicating state's law controls.").

In Indiana, issue preclusion arises when some fact or question has been determined in a prior suit and is then put in issue in a subsequent suit between the same parties or their privies. *Luxury Townhomes, LLC v. McKinley Props., Inc.*, 992 N.E.2d 810, 817 (Ind. Ct. App. 2013). The four elements of issue preclusion are: "1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the matter now in issue was determined in the former suit; 3) the particular controversy adjudicated in the former action must have been between the parties to the present suit

12

or their privies; and 4) the judgment in the former suit must have been rendered on the merits." *Id*. These four elements are satisfied by the state court's order granting the motion to set aside default judgment. (*See* DE # 24-1.) Specifically, service of process was at issue before the state court in the motion to set aside default judgment, and the state court order on that motion served as a final judgment. Additionally, Meyer was not a party to the state court case but he is in privity with GLHS Unity Surgery Center because he served as their attorney and he was "so identified in interest" with GLHS that "he represents the same legal right." *Thrasher Buschmann & Volkel, P.C. v. Adpoint, Inc.*, 24 N.E. 3d 487, 496 (Ind. Ct. App. 2015). GLHS (in the state court case) and Meyer (here) are completely aligned in their desire to prove that service was valid.

Meyer disputes that Schroeder has satisfied these requirements on only two grounds. He argues (a) that Indiana's rules of *res judicata* only apply to final judgments, and (b) that the state court's order granting the motion to set aside default judgment did not actually state that service of process was invalid. (DE ## 24 at 4–5, 24-1.) However, neither of these arguments convinces the court that issue preclusion does not apply.

Regarding the first of these issues, Schroeder moved to set aside the default judgment under Indiana Rule of Trial Procedure 60(B)(6). (DE # 23-1 at 4.) An order granting or denying relief under that rule is a final judgment. *See* Indiana Rule of Trial Procedure 60(C). Regarding the second issue, the *only* basis for Schroeder's motion to set aside the default judgment was a lack of service of process. (DE # 23-1 at 2–4.) So, in granting the motion, the state court must have concluded that service was not proper.

13

Accordingly, issue preclusion bars Meyer from contesting the validity of service of process and the court will not grant summary judgment on this basis.

Second, Meyer contends that his statements to the state court were legal positions and such positions may not be deemed violations of § 1692e. To support this position, Meyer cites several cases which hold that it is not a violation of the FDCPA to request attorney's fees in certain scenarios. *See Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596 (7th Cir. 2004); *Fields v. Wilbur Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir. 2004); *Bull v. Asset Acceptance, LLC*, 444 F. Supp. 2d 946 (N.D. Ind. 2006). Meyer attempts to analogize those cases to the issues in the case at hand; however, nothing in those cases leads the court to believe it should extend their holdings outside the context of requests for attorney's fees. Furthermore, those cases do not indicate that the Seventh Circuit has broadly held that legal positions are not actionable under § 1692e. Accordingly, the court rejects Meyer's assertion that summary judgment should be granted on this basis.

Lastly, defendant argues that communications made by lawyers to state court judges are not actionable under § 1692e of the FDCPA. Meyer is correct that the FDCPA only extends its protections to consumers and there can be no violation under § 1692e for representations or means that would confuse or mislead a state court judge. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 944 (7th Cir. 2011). Accordingly, to the extent that Schroeder claims the state court judge was deceived or misled, summary judgment is appropriate. However, to the extent that Schroeder's claim alleges that he (the consumer) was misled or deceived, summary judgment is not

14

appropriate.

## IV. CONCLUSION

For the foregoing reasons, the court

(1) **DENIES** Matthew A. Schroeder's Motion for Partial Summary Judgment (DE # 20);

(2) **GRANTS** Walter Christian Meyer's Motion for Summary Judgment (DE # 18) as to Schroeder's claim under 15 U.S.C. § 1692f;

(3) **GRANTS** Meyer's Motion for Summary Judgment (DE # 18) as to Schroeder's claim under 15 U.S.C. § 1692e to the limited extent that Schroeder claims the state court was deceived or misled; and,

(4) Otherwise **DENIES** Meyer's Motion for Summary Judgment. (DE # 18.)

**SO ORDERED.**

Date: March 31, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT